# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-51196
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FEDERICO CHAVIRA-SOTO, also known as Federico Chavira,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-1706-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Federico Chavira-Soto pleaded guilty to attempted illegal reentry in violation of 8 U.S.C. § 1326 and was sentenced to 24 months of imprisonment and three years of supervised release. Chavira-Soto challenges the substantive reasonableness of his sentence, arguing that his sentence is unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). We review sentences for substantive reasonableness, in

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-51196

light of the § 3553(a) factors, under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). A within-guidelines sentence is entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347 (2007). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Chavira-Soto contends that U.S.S.G. § 2L1.2 is not empirically based and not subject to the presumption of reasonableness. He acknowledges that this argument has been rejected by this court in *United States v. Mondragon-Santiago*, 564 F.3d 357 (5th Cir. 2009), but he seeks to preserve the argument for further review. He also argues that the presumption of reasonableness does not apply because § 2L1.2 effectively double counts a defendant's criminal history. This argument has been rejected in *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

In challenging the substantive reasonableness of his sentence, Chavira-Soto argues that the sentence failed to take into account his mental health issues resulting in extreme sleep deprivation at the time of the offense. He also asserts that the sentence did not account for his benign motive in reentering the United States, his cultural assimilation to this country, and his family circumstances. The district court rejected these arguments at sentencing. Chavira-Soto's disagreement with the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See Cooks*, 589 F.3d at 186. Chavira-Soto has not demonstrated that the district court abused its discretion

No. 13-51196

by sentencing him to a within-guidelines sentence of 24 months.  *See Gall*, 552 U.S. at 51.

The judgment of the district court is AFFIRMED.